UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BOBBY D. HIGGINBOTHAM                CIVIL ACTION NO. 3:13-cv-2114

VS.                                                  SECTION P

                                                       JUDGE ROBERT G. JAMES

STATE OF LOUISIANA                      MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

   Proceeding *pro se* and utilizing the form provided to state prisoners seeking to collaterally attack their convictions or sentences pursuant to 28 U.S.C. §2254, Bobby D. Higginbotham filed the instant petition for habeas corpus (28 U.S.C. §2241) on June 24, 2013.  In his petition filed on June 24 and a subsequent motion to supplement filed on July 16, 2013, Higginbotham asks this court to quash criminal charges pending against him in the Sixth Judicial District Court, Tensas Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is ordered that the motion to supplement [Doc. 3] be **GRANTED**; it is also recommended that the petition [Doc. 1] and supplemental petition [Doc. 3] be **DISMISSED**.

*Statement of the Case*

   On July 24, 2007, Higginbotham, who identifies himself as the Mayor of Waterproof, Louisiana,  was arrested and charged with criminal trespass, criminal damage to property and malfeasance in office.  On the same date, he was released from custody on a $10,000 bond.  On November 24, 2008, he was arraigned and presumably entered not guilty pleas to those charges.

On January 12, 2009, a preliminary hearing was convened; the Court heard testimony from several witnesses and then recessed the hearing and stayed the proceedings pending the resolution of a writ application filed in the Second Circuit Court of Appeals.  On November 5, 2009, the Second Circuit denied writs and the preliminary hearing was placed back on the January 25, 2010, docket. On that date the proceedings were continued to March 16, 2010, pending resolution of another writ application to be filed by Higginbotham.  However, the writ was not perfected.  Thereafter, on January 8, 2013, the trespass charge was dismissed, but Higginbottham's motions to quash the remaining charges of criminal damage to property and malfeasance were denied.

Higginbottham apparently sought review of the denial of his motions to quash. On April 4, 2013, the Second Circuit Court of Appeals denied writs finding "... no error in the trial court's ruling." *State of Louisiana v. Bobby Dean Higginbotham*, No. 48,266-KH [Doc. 1-1, p. 3] His subsequent writ application was denied by the Louisiana Supreme Court on May 31, 2013. *State of Louisiana v. Bobby Dean Higginbotham*, 2013-0879 (La. 5/31/2013), — So.3d —. [Doc 1-1, p. 2]

As noted, Higginbotham filed the instant petition on June 24, 2013. He asks this Court to find that his statutory and constitutional rights to a speedy trial have been violated and to quash the remaining criminal charges of criminal damage to property and malfeasance in office which remain pending in the Sixth Judicial District Court.

### *Law and Analysis*

Higginbotham is a pre-trial detainee who is challenging  pending Louisiana state court criminal prosecutions.  Thus, this petition is properly construed as seeking relief pursuant to

2

28 U.S.C. § 2241, which applies to  persons in custody awaiting trial who have not yet been

convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998);  *Dickerson v. Louisiana*, 816

F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)

("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody

pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241,

'which applies to persons in custody regardless of whether final judgment has been rendered and

regardless of the present status of the case pending against him.'");  and *Robinson v. Wade*, 686

F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise

under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in

violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody

be 'pursuant to the judgment of a state court.'")

   The requirement of exhaustion of state court remedies in a federal *habeas corpus*

proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal

*habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he

has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982);

*Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial

abstention policy developed "to protect the state courts' opportunity to confront and resolve

initially any constitutional issues arising within their jurisdictions as well as to limit federal

interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*,

404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*.* In order to

satisfy the exhaustion requirement, the petitioner must have provided all state courts that could

review the matter with a fair opportunity to review all of his *habeas corpus* claims before a

federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Higginbotham contends that he has exhausted available State court remedies and in support of this contention he has provided copies of the judgments of the Second Circuit Court of Appeals and the Louisiana Supreme Court. However, he failed to provide the judgment of the District Court, nor has he provided copies of the writ applications filed thereafter in the Court of Appeals and the Supreme Court. Therefore it is impossible to determine at this time whether he has exhausted available State court remedies by fairly presenting his federal constitutional question to the Louisiana Supreme Court.

Nevertheless, even if he has fully exhausted his available State court remedies, federal intervention into this pending prosecution is foreclosed by the jurisprudence. A federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state

4

court proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  This jurisprudential requirement has been imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction.  The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes"  from one who seeks only to enforce the state's obligation to bring him promptly to trial.  *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

In his petition, Higginbotham asked the Court to "Grant Motion to Quash Pending Charges." [Doc. 1, p. 15] In his memorandum in support of *habeas corpus* he stated, "This matter has been brought up through the appellate process in the State courts with the Louisiana Supreme Court denying Plaintiff's motion to quash on May 31, 2013. We are now asking this honorable court to dismiss the above referenced charges." [Doc. 1-2, p. 1] Finally, in his "First Supplement to Writ of *Habeas Corpus* Memorandum Brief he prayed that this Court "quash the pending felony complaints on the basis that the State of Louisiana has violated his rights to a speedy trial..." [Doc. 3-2, p. 2] Clearly, Higginbotham seeks dismissal of the charges pending in the Sixth Judicial District Court and not merely the enforcement of his rights to a speedy trial.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition [Doc. 1] along with the Supplemental Petition for *Habeas Corpus* [Doc. 3] be construed as arising  pursuant to 28 U.S.C. §2241 and that both be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana, August 8, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE